UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATTI W. CARLTON, ET AL., § <br>     Plaintiffs, § <br> § <br> vs. § <br> § <br> HOUSTON COMMUNITY COLLEGE SYSTEM, § <br> ET AL., § <br>     Defendants. § | CIVIL ACTION H-08-3239 |

## MEMORANDUM AND ORDER

This civil rights action brought pursuant to 42 U.S.C. § 1983 is before the court on the defendants'[1] motion to dismiss (Dkt. 7).[2] Defendants' motion is denied without prejudice, to allow plaintiffs leave to file an amended complaint.

**Background**

Plaintiffs Harrington, Carlton, and Reed are former employees of HCC. Individual defendants Oliver, Spangler, and Seymour are HCC officials. Plaintiffs allege that the interim chancellor of HCC, Norman Nielsen, subjected them to unwanted sexual comments and, in the case of Carlton, contact, and that they were unfairly denied promotions. Harrington alleges that she was wrongfully terminated; Carlton and Reed allege that they were constructively discharged. Plaintiffs also allege various acts that they characterize as retaliatory harassment.

---

[1] Defendants are Houston Community College (HCC), Christopher Oliver, Mary Spangler, and Daniel Seymour. Named defendant Norman Nielsen has not been served and is not a party to the motion.

[2] Plaintiffs' motion for extension of time (Dkt. 13) is granted.

**Motion to Dismiss Standards**

The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). *Twombly* makes clear that the oft-cited standard of whether it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief," established in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), is not the minimum standard of adequate pleading to govern a complaint's survival. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 n.10 (5th Cir. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (quotation marks, citations, and footnote omitted).

**Analysis**

    A.    **Section 1983 Legal Standards**

Plaintiffs' complaint is not a model of clarity, but their motion response indicates they are asserting claims under 42 U.S.C. § 1983 for violation of their first amendment rights and their due process liberty and property rights.

To state a claim under § 1983, a Plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994); *James v. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). There is no *respondeat superior* liability under Section 1983. A government entity, such as HCC, is liable under Section 1983 where its custom, policy or practice was the moving force behind the violation of plaintiff's constitutional rights. *Doe on Behalf of Doe v. Dallas Independent School Dist.,* 153 F.3d 211, 215-16 (5th Cir. 1998). An individual defendant is liable under Section 1983 only for his own violation of a plaintiff's constitutional rights, or where he showed deliberate indifference to the violation of plaintiff's constitutional rights by his subordinates. *James*, 535 F.3d at 374.

***First Amendment.*** The elements of a First Amendment retaliation claim by a public employee are: (1) the employee suffered an adverse employment action; (2) the employee's speech involved a matter of public concern; (3) the employee's interests in speaking on matters of public concern outweighs the interests of the state, as an employer, in promoting workplace efficiency; and (4) the employee's speech motivated the adverse employment action. *Charles v. Grief*, 522 F.3d 508, 510 n.2 (5th Cir. 2008). In determining whether speech involved a matter of public concern, the court considers whether the public employee spoke primarily in his role as a citizen or primarily in his role as an employee. *Charles*, 522 F.3d at 512-15.

Only final decision-makers may be held liable for First Amendment retaliation under § 1983.  *Johnson v. Louisiana*, 369 F.3d 826, 831 (5th Cir. 2004).

***Due Process.***  There are two types of due process:  procedural, which is concerned only with the procedures used and not the merits of the employer's decision; and substantive, which protects against certain governmental actions regardless of the fairness of the procedures used to implement them.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992); *Robertson v. City of Plano*, 70 F.3d 21, 24 (5th Cir. 1995).  The Due Process Clause does not provide a remedy for ordinary tortious conduct.  *Collins*, 503 U.S. at 126.

The essential requirements of procedural due process under the Constitution are notice and an opportunity to respond.  *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 562 (5th Cir. 2003).  "Procedural due process considers not the justice of a deprivation, but only the means by which the deprivation was effected."  *Caine v. Hardy*, 943 F.2d 1406, 1411 (5th Cir. 1991).

Substantive due process is implicated where the state's deprivation of a property interest was arbitrary and not related to a legitimate government interest, or where the state engaged in conduct that "shocks the conscience."  *Williams v. Texas Tech. Univ. Health Sciences Ctr.*, 6 F.3d 290, 294 (5th Cir. 1993); *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998).

The threshold issue in analyzing any due process claim must be whether the plaintiff has been deprived of a life, liberty, or property interest.  In order to establish a protected

property interest, a plaintiff must have a legitimate claim to the benefit under state law, not merely a unilateral desire for it. *Whiting v. Univ. of S. Miss.*, 451 F.3d 339, 344-45 (5th Cir. 2006). In the employment context, this generally means that employment is protected by statute, contract, or explicit agreement and cannot be terminated without cause. *See Lollar v. Baker*, 196 F.3d 603, 608-09 (5th Cir. 1999). Texas is an at-will employment state, meaning that absent a specific agreement to the contrary, an employee may be terminated without cause at any time. *Montgomery Cty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998).

In order to establish a protected liberty interest, a plaintiff must be able to prove that (i) he was discharged, (ii) defamatory charges were made against him in connection with the discharge, (iii) the charges were false, (iv) no meaningful public hearing was conducted pre-discharge, (v) the charges were made public, (vi) he requested a name-clearing hearing, and (vii) his request for hearing was denied. *Hughes v. City of Garland*, 204 F.3d 223, 226 (5th Cir. 2000). Injury to reputation alone is not a constitutional injury. *Id.*

Individuals have qualified immunity from Section 1983 suits and liability for damages. Qualified immunity analysis involves a two prong inquiry: (1) whether the facts alleged by the plaintiff show that the defendant violated plaintiff's rights; and (2) whether the right that was violated was "clearly established" at the time of defendant's conduct. The court may exercise its discretion is deciding which of the two prongs of the qualified immunity analysis to address first. *Pearson v. Callahan*, 129 S. Ct. 808, 815-18 (2009).

### B.     Plaintiffs' Complaint

Plaintiffs' complaint is deficient in myriad ways. Simply alleging inappropriate comments by Nielson and subsequent denial of promotions, constructive discharge, and even termination (in the case of Harrington) is insufficient to state Section 1983 claims.

First, the complaint fails to allege that any custom, policy, or practice of HCC motivated the violation of their constitutional rights. Second, the complaint fails to allege what acts of each individual defendant violated plaintiffs' rights. As noted above, section 1983 creates liability only for one's own acts, or where one showed deliberate indifference to the constitutional violation of another. Plaintiffs' complaint does not make such allegations against any individual defendant. Because plaintiffs' complaint does not sufficiently allege a violation of a constitutional right by any individual defendant, it is potentially subject to dismissal on grounds of qualified immunity.

Moreover, plaintiffs have not alleged each substantive element of a claim under Section 1983 for violation of First Amendment rights or for denial of due process. For instance, the complaint is vague as to what speech on matter of public concern each plaintiff engaged in. The complaint is vague as to what procedure each plaintiff engaged in prior to termination. And the complaint is vague as to what, if any, substantive due process rights were violated and how.

For all of the above reasons, the current complaint may be subject to dismissal. However, before granting defendants' motion to dismiss, plaintiffs will be accorded an

opportunity to cure the deficiencies in their complaint, to the extent they may do so in good faith.[3]  It is therefore

ORDERED that plaintiffs shall file an amended complaint on or before May 1, 2009. Defendants may then reurge their motion to dismiss, if they choose to do so.

Signed at Houston, Texas on March 27, 2009.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge

---

[3]  Plaintiffs allege that they had a written employment contract, (Dkt. 1, at 4 ¶C). Defendants deny this. If a written employment contract exists, it goes to the heart of this matter, and should be attached to the amended complaint. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (documents referred to in a complaint and central to the claim may be considered on a motion to dismiss).